IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| KIMBERLY-CLARK CORPORATION and KIMBERLY-CLARK GLOBAL SALES, LLC,<br><br>   *Plaintiffs*,<br><br> v.<br><br>EXTRUSION GROUP, LLC;<br>EXTRUSION GROUP SERVICES LLC;<br>EG GLOBAL, LLC;<br>EG VENTURES, LLC;<br>MICHAEL HOUSTON; and<br>MICHAEL COOK,<br><br>   *Defendants*. | C.A. No. 1:18-CV-4754<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION FOR LEAVE TO EXCEED PAGE LIMITATION</u>**

  Plaintiffs Kimberly-Clark Corporation and Kimberly-Clark Global Sales, LLC (collectively, "Kimberly-Clark") respectfully request leave to exceed page limitations for the concurrently-filed Brief in Support of their Motion for Limited Expedited Discovery ("Expedited Discovery Brief").

  Kimberly-Clark's Expedited Discovery Brief is 29 pages in length and exceeds the 25-page limitation set forth in Local Rule 7.1(D) by four pages.

Kimberly-Clark submits that this length is necessary to adequately summarize the evidence and to address the legal issues at hand.

Courts in this district grant variances to Local Rule 7.1(D) where parties show good cause for their request. *Goodrich v. Bank of Am., NA*, No. 1:13-CV-00239-RGV, 2015 WL 11198935, at *1 n.1 (N.D. Ga. May 20, 2015). Such requests are not denied solely because the party submitted their brief before the request was ruled on by the court. *See id.* at *3. As explained below, there is good cause to grant Kimberly-Clark's request for additional pages. Kimberly-Clark files its Expedited Discovery Brief concurrently with its Complaint (and this Motion for Leave to Exceed Page Limitation) against the above-captioned Defendants in order to provide the Court with one, complete filing setting forth the facts and controversies of this case.

Kimberly-Clark's Expedited Discovery Brief, along with its Complaint, is the first opportunity to present the issues of this case to the Court; issues which, as explained below and in its Expedited Discovery Brief, are relatively complex and span multiple areas of law. For example, Kimberly-Clark alleges multiple counts of trade secret misappropriation under Georgia and Federal law, patent infringement, and breaches of contract, and requests certain discovery relating to each count. In addition, the various technologies-at-issue in this action underlying

the patent and trade secret claims are unfamiliar to most people and require explanation.  To that end, Kimberly-Clark's Expedited Discovery Brief includes diagrams and other figures to aid in the Court's understanding of these issues—but which such diagrams and figures take up additional pages in the briefing.

Finally, as explained in Kimberly-Clark's Expedited Discovery Brief, the Court's determination of Kimberly-Clark's Motion for Limited Expedited Discovery will depend partially on the purpose of such discovery, Kimberly-Clark's inability to obtain the discovery through its own diligence, and the good cause for expediting such discovery.  *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276–77 (N.D. Cal. 2002).  Here, Kimberly-Clark seeks expedited discovery involving its claims of patent infringement, trade secret misappropriation, and breach of contract to support its anticipated motion for preliminary injunction.  Accordingly, it is necessary to present the Court with the pre-litigation factual background of this action in its Expedited Discovery Brief, and in particular, Defendants' actions, the strength of Kimberly-Clark's claims based on the limited information it has been able to uncover, and the necessity that Kimberly-Clark be granted expedited discovery in order to seek preliminary injunctive relief to prevent further ongoing and imminent irreparable harm.

For the foregoing reasons, Kimberly-Clark respectfully requests that the Court grant its Motion for Leave to Exceed Page Limitation and enter an Order Granting Plaintiffs' Motion for Leave to Exceed Page Limitation accordingly.

Dated: October 15, 2018.

OF COUNSEL:

Mark Reiter (*pro hac to be filed*)
Philip J. Spear (*pro hac to be filed*)
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue #1100
Dallas, Texas 75201-6912
(214) 698-3360
mreiter@gibsondunn.com

R. Scott Roe (*pro hac to be filed*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-2618
sroe@gibsondunn.com

Respectfully submitted,

/s/ *James A. Lamberth*
James A. Lamberth
(Ga. Bar No. 431851)
Puja Patel Lea
(Ga. Bar No. 320796)
TROUTMAN SANDERS LLP
600 Peachtree Street, NE Suite 3000
Atlanta, GA 30308
(404) 885-3362
james.lamberth@troutman.com
puja.lea@troutman.com

*Attorneys for Plaintiffs Kimberly-Clark Corporation and Kimberly-Clark Global Sales, LLC*

## CERTIFICATE OF SERVICE

I hereby certify on October 15, 2018, I caused a copy of the foregoing to be served using the CM/ECF system which will send notice to all counsel of record and also by hand delivery upon the interested parties.

/s/ *James A. Lamberth*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing complies with the font and point selection approved by this Court in Local Rule 5.1(B). This paper was prepared on a computer using Times New Roman fourteen-point font, double-spaced.

/s/ *James A. Lamberth*