IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIMBERLY-CLARK CORPORATION and KIMBERLY-CLARK GLOBAL SALES, LLC,<br>　　*Plaintiffs*,<br><br>　　　*v.*<br><br>EXTRUSION GROUP, LLC;<br>EXTRUSION GROUP SERVICES LLC;<br>EG GLOBAL, LLC;<br>EG VENTURES, LLC;<br>MICHAEL HOUSTON; and<br>MICHAEL COOK,<br>　　*Defendants*. | Civil Action File No.<br>1:18-cv-04754-SDG |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Dismiss Counterclaim and Strike Defense [ECF 185]. For the reasons stated below, the motion is **GRANTED IN PART AND DENIED IN PART**.

**I.    FACTUAL BACKGROUND**

Plaintiffs Kimberly-Clark Corporation and Kimberly-Clark Global Sales, LLC (collectively, "Kimberly-Clark") initiated this action on October 15, 2018 asserting claims for trade secret misappropriation, patent infringement, and

breach of contract.[1] On November 20, 2019, the Court granted the parties' joint motion to amend the Complaint.[2] The First Amended Complaint ("FAC") also asserts trade secret misappropriation, patent infringement, and breach of contract claims.[3] While the original Complaint asserted that Extrusion Group, LLC; Extrusion Group Services LLC; EG Global, LLC; and EG Ventures, LLC (collectively, "Extrusion Group") infringed U.S. Patent No. 8,017,534,[4] the FAC asserts that Extrusion Group infringed U.S. Patent No. 6,972,104 (the "'104 patent").[5]

The '104 patent is for meltblown die having a reduced size.[6] The patent was issued on December 6, 2005.[7] Defendant Michael Cook, a former employee of Kimberly-Clark, and Bryan David Haynes, a current employee of Kimberly-Clark, are the listed inventors of the technology claimed in the '104 patent.[8] The FAC

---

[1]   ECF 1.

[2]   ECF 168 (granting ECF 158).

[3]   ECF 184.

[4]   ECF 1, ¶ 207.

[5]   ECF 184, ¶ 212; ECF 195, ¶ 485. *See* ECF 184-3 ('104 Patent).

[6]   ECF 184-3.

[7]   ECF 184, ¶ 36.

[8]   *Id.*; ECF 184-3.

asserts that both inventors assigned all rights, title, and interest in the '104 patent to Kimberly-Clark Worldwide, Inc.; Kimberly-Clark Global Sales, LLC is the current assignee of the patent.[9]

Defendants' Counterclaim Count IV alleges that the '104 patent is invalid.[10] They contend that a number of prior art references disclose each and every limitation of at least Claim 1 of the '104 patent, and that all the claims of the patent are invalid under one or more of 35 U.S.C. §§ 101–103, 112, or 116.[11] Defendants also asserted Invalidity as an affirmative defense in their response to the FAC.[12] Kimberly-Clark filed the present motion arguing that Cook is barred from challenging the validity of the '104 patent through the doctrine of assignor estoppel, and Extrusion Group is likewise barred due to its privity with Cook.[13]

---

[9]   ECF 184, ¶ 36.

[10]  ECF 195, ¶ 484.

[11]  ECF 195, ¶¶ 488, 507.

[12]  ECF 195, at 149.

[13]  ECF 185-1, at 9–10. Kimberly-Clark's motion also asserts the doctrine of assignor estoppel through privity against Defendant Houston due to his status as CEO of Extrusion Group in the event he intends to join in the counterclaim or affirmative defense. ECF 185-1, at 17–18. However, the parties did not present arguments regarding whether privity applies to Houston. Therefore, the Court does not address the issue in this Order. To the extent Houston joins in Counterclaim Count IV and the Fifth Affirmative Defense, the parties may address how the issue of privity applies to him at the appropriate time.

## II. PROCEDURAL HISTORY

On December 4, 2019, Defendants filed their Answers, Affirmative Defenses, and Counterclaims to Plaintiffs' First Amended Complaint.[14] Kimberly-Clark moved to dismiss Counterclaim Count IV (Patent Invalidity) under Fed. R. Civ. P. 12(b)(6), arguing that Defendants had failed to state a claim, and to strike Defendants' Fifth Affirmative Defense (Invalidity) pursuant to Fed. R. Civ. P. 12(f).[15]

On January 16, 2020, Defendants filed their First Amended Answers, Affirmative Defenses, and Counterclaims.[16] Their amended pleading contains additional allegations and details supporting the counterclaims. On January 17, Defendants responded to Kimberly-Clark's motion to dismiss.[17] On motion by the parties, the Court converted the motion to dismiss and opposition to apply to the

---

[14] ECF 180.

[15] ECF 185. The Court later granted Kimberly-Clark's request to withdraw the portion of its motion that asserted Defendants had not satisfied the federal pleading standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). ECF 199 (granting ECF 198).

[16] ECF 194.

[17] ECF 197.

amended answer/counterclaims filed by Defendants, rather than having the parties revise and refile their briefing.[18]

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F. 3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). A complaint is plausible on its face when a plaintiff pleads sufficient factual content for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556). "A complaint does not state a facially plausible claim for relief if it shows only a sheer

---

[18] ECF 199 (granting ECF 198).

possibility that the defendant acted unlawfully." *Waters Edge Living, LLC v. RSUI Indem. Co.*, 355 F. App'x 318, 322 (11th Cir. 2009). A complaint must also present sufficient facts to "'raise a reasonable expectation that discovery will reveal evidence' of the claim." *Am. Dental Ass'n*, 605 F.3d at 1289 (quoting *Twombly*, 550 U.S. at 556).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). This principle, however, does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678.

**IV.   DISCUSSION**

Kimberly-Clark asserts that Defendants' Counterclaim Count IV must be dismissed under Fed. R. Civ. P. 12(b)(6) because all Defendants are estopped from bringing the patent invalidity claim under the doctrine of assignor estoppel and privity.[19] In response, Defendants argue that Kimberly-Clark's motion is premature because the privity analysis would require converting the motion to one for summary judgment.[20] Defendants also contend that, should the Court

---

[19]   ECF 185-1.

[20]   ECF 197, at 6.

convert the motion into one for summary judgment and look to evidence outside the pleadings, Defendants would be able to show that Extrusion Group is not in privity with Cook.[21] Notably, Defendants do not appear to oppose Kimberly-Clark's argument that Cook is estopped from asserting the patent invalidity claim.

For the reasons stated below, the Court finds that Cook is estopped from (1) asserting Counterclaim Count IV and (2) raising the Fifth Affirmative Defense. However, the Court concludes that the issue of whether privity exists is a highly fact intensive analysis that is not appropriate for resolution on a motion to dismiss. Therefore, it **GRANTS** Kimberly-Clark's motion to the extent it applies to Cook and **DENIES** the motion as to Extrusion Group. Kimberly-Clark may raise these issues again in a motion for summary judgment at the appropriate time.

    **a.**    **Assignor Estoppel**

"Assignor estoppel is an equitable remedy that prohibits an assignor of a patent, or one in privity with an assignor, from attacking the validity of that patent when he is sued for infringement by the assignee." *MAG Aerospace Indus., Inc. v. B/E Aerospace, Inc.*, 816 F.3d 1374, 1379–80 (Fed. Cir. 2016) (citing *Diamond Sci. Co. v. Ambico, Inc.*, 848 F.2d 1220, 1224 (Fed. Cir. 1988)).[22] "[T]he primary consideration

---

21    ECF 197, at 13.

22    The Federal Circuit provides controlling authority for issues of substantive

in [ ] applying the doctrine is the measure of unfairness and injustice that would be suffered by the assignee if the assignor were allowed to raise defenses of patent invalidity." *Diamond Sci. Co.*, 848 F.2d at 1225. Therefore, analysis of whether to apply the doctrine "must be concerned mainly with the balance of equities between the parties." *Id.*

Likewise, privity "is determined upon a balance of the equities." *Shamrock Techs., Inc. v. Med. Sterilization, Inc.*, 903 F.2d 789, 793 (Fed. Cir. 1990). As explained by the Federal Circuit:

> If an inventor assigns his invention to his employer company A and leaves to join company B, whether company B is in privity and thus bound by the doctrine will depend on the equities dictated by the relationship between the inventor and company B in light of the act of infringement. The closer that relationship, the more the equities will favor applying the doctrine to company B.

*Id.* (citations omitted). Courts have considered the following factors in making the privity determination:

> (1) the assignor's leadership role at the new employer; (2) the assignor's ownership stake in the defendant company; (3) whether the defendant company changed

---

patent law. *Research Corp. Techs. v. Microsoft Corp.*, 536 F.3d 1247, 1255 (Fed. Cir. 2008) ("The Federal Circuit applies its own law with respect to issues of substantive patent law and certain procedural issues pertaining to patent law, but applies the law of our sister circuits to non-patent issues.").

>course from manufacturing non-infringing goods to infringing activity after the inventor was hired; (4) the assignor's role in the infringing activities; (5) whether the inventor was hired to start the infringing operations; (6) whether the decision to manufacture the infringing product was made partly by the inventor; (7) whether the defendant company began manufacturing the accused product shortly after hiring the assignor; and (8) whether the inventor was in charge of the infringing operation.

*MAG Aerospace Indus., Inc.*, 816 F.3d at 1380 (listing the factors first identified in *Shamrock Techs. Inc.*).

## V.   ANALYSIS

### a.   Cook Is Estopped from Challenging the Validity of the '104 Patent.

Kimberly-Clark argues that assignor estoppel bars Cook from asserting the '104 patent is invalid in Counterclaim Count IV and the Fifth Affirmative Defense.[23] Defendants do not appear to oppose this contention. Based on the evidence provided by Kimberly-Clark (of which the Court may take judicial notice), the Court finds that the doctrine applies to Cook.

An inventor who assigns the right to his inventions for consideration and who executed an inventor's oath or declaration stating that he believes he is the first and sole inventor, is estopped from asserting patent invalidity. *Diamond Sci.*

---

[23]   ECF 185-1, at 13–14.

*Co.*, 848 F.3d at 1225–26. The '104 patent lists Cook as one of the inventors.[24] The sworn inventors' declaration that was signed by Haynes and Cook and filed with the United States Patent and Trademark Office ("USPTO")[25] states their belief that they were "the original, first and joint inventors of the subject matter which is claimed and for which a patent is sought in the patent application."[26] Finally, the document in which Cook assigned his rights to Kimberly-Clark Worldwide, Inc., which was also filed with the USPTO,[27] states that the assignment was made for consideration.[28]

Defendants have not contested the above facts, or the authenticity of the documents provided in support of Kimberly-Clark's motion.[29] Accordingly, Cook

---

[24] ECF 184-3.

[25] ECF 202, at 7.

[26] ECF 185-3.

[27] ECF 202, at 7.

[28] ECF 185-2. Defendants asserted they did not have sufficient information to admit or deny the allegation about the assignment in their First Amended Answer, Affirmative Defenses, and Counterclaims. ECF 195, ¶ 36.

[29] The Court may consider the assignment document and inventors' declaration without converting Kimberly-Clark's motion into one for summary judgment: Both documents are matters of public record filed with the USPTO. Accordingly, the Court may properly take judicial notice of them. *Omnicomm Corp. v. AT&T Mobility, LLC*, No. 1-11-CV-4264-AT, 2013 WL 12247764, at *4 (N.D. Ga. Apr. 22, 2013) ("[T]he Court may take judicial notice of matters of public record, including publicly available patents and patent applications, without converting a motion to dismiss into a motion for summary

is estopped from asserting the Fifth Affirmative Defense and Counterclaim Count IV.

### b. The Court Will Not Rule on the Application of Estoppel to Extrusion Group on this Motion to Dismiss.

Kimberly-Clark asserts that Extrusion Group is also estopped from asserting the patent invalidity claim due to its privity with Cook. Extrusion Group argues that the Court may not decide whether privity exists without converting this motion into one for summary judgment because Kimberly-Clark relies on documents outside the four corners of the Amended Counterclaim that are neither central to the counterclaim nor incorporated by reference.[30] Extrusion Group also provided evidence that contradicts Kimberly-Clark's evidence and that indicates Extrusion Group is not in privity with Cook.[31]

Each side provided evidence that it claims support a finding of privity or lack thereof. Kimberly-Clark alleges the following: Cook is one of the original employees of Extrusion Group; he is the Vice President of Engineering; he took over the responsibility for developing Defendants' meltblown die tip technology

---

judgment.").

[30] ECF 197, at 7. Extrusion Group asserts that the Court must give all parties a reasonable opportunity to present additional evidence if the motion is converted to one for summary judgment. ECF 197, at 11.

[31] ECF 197, at 13.

when he joined Extrusion Group; and, he was heavily involved in the design and drawing for Extrusion Group's meltblown die.[32] Defendants contested some of Kimberly-Clark's claims and provided evidence of their own purportedly showing that: Cook was terminated from Kimberly-Clark in 2006 and did not join Extrusion Group until 2012, a year after its founding; Cook owns a small portion of Extrusion Group (less than 10%); he is not an officer; he does not have control over the direction and operation of the company; Extrusion Group did not alter its business plan or build new facilities to manufacture the accused infringing devices; Cook was not hired to start up the accused infringing operations nor was he involved in the decision to start the operations; Extrusion Group did not start the allegedly infringing operations until around 2016; and Cook worked with others to develop the meltblown die designs.[33]

The evidence presented by the parties further emphasizes the highly fact intensive nature of the privity analysis as outlined in *Shamrock*.[34] Even assuming

---

[32] ECF 185-1, at 15–16.

[33] ECF 197, at 14–17.

[34] Kimberly-Clark's reply brief asserts that the Court need not consider all of the *Shamrock* factors. ECF 202, at 14. Instead, Kimberly-Clark argues that the Court can focus on the "central" question of whether the ultimate infringer availed itself of the inventor's knowledge and assistance to engage in the infringement. *Id.* However, the cases cited by Kimberly-Clark that do not discuss all the factors outlined in *Shamrock* still require a fact intensive review of the

that the Court is willing to consider the evidence provided by the parties without converting Kimberly-Clark's motion to one for summary judgment—which goes far beyond the four corners of the pleadings and includes declarations and discovery responses—the Court agrees with Defendants that determining the contested privity issue at this stage of the litigation would be inappropriate. Rather, such an analysis is better left for summary judgment where the parties will be able to present their arguments on a fully developed factual record. *Dresser, LLC v. VRG Controls, LLC*, No. 18 C 1957, 2019 WL 3244503, at *5 (N.D. Ill. July 18, 2019) (declining to decide whether privity existed at the motion to dismiss stage; noting that "the weight of more recent and controlling authority favors deciding the issue of assignor estoppel after the pleading stage, where the Court can better weigh the equities to decide whether assignor estoppel applies").

This conclusion is further supported by Kimberly-Clark's cited authority. In the multitude of cases cited in its motion to dismiss, Kimberly-Clark provided only one that was decided at the motion to dismiss stage. In that case, the defendant inventor did not dispute that he was in privity with the defendant company. *Saint-*

---

relationship between the parties alleged to be in privity. *See, e.g., CA, Inc. v. New Relic, Inc.*, No. CV I2-5468 AKT, 2015 WL 1611993, at *9 (E.D.N.Y. Apr. 8, 2015) ("To determine if the relationship is sufficiently close, courts consider all contacts between the inventor-assignor and the defendant company.").

*Gobain Performance Plastics Corp., HCM Div. v. Truseal USA, Inc.*, 351 F. Supp. 2d 290, 295 n.5 (D.N.J. 2005). In its reply brief, Kimberly-Clark notes that *Diamond Scientific* was decided on a motion to strike. However, in that case, the Federal Circuit acknowledged that it considered materials beyond the pleading and found that "a court ought to have a bit more latitude to consider materials beyond the pleadings, particularly if they present *uncontested* factual matters." *Diamond Sci. Co.*, 848 F.2d at 1227 (emphasis added). In *Diamond Scientific*, it was undisputed that the defendant inventor assigned his rights to the plaintiff before leaving to form his own competing company. *Id.* at 1222. In contrast, the issue of privity and the competing evidence is contested in this case. *See Dresser,* 2019 WL 3244503, at *5 ("Many of the factors described above that the Court must weigh to decide the issue of . . . privity in the context of assignor estoppel do not present uncontested factual matters, and therefore the Court finds that the *Diamond Scientific* cases are readily distinguishable.").

Kimberly-Clark's reply also cites additional cases decided at the motion to dismiss stage.[35] In *Mentor Graphics Corp. v. Quickturn Design Systems, Inc.*, the Federal Circuit granted a preliminary injunction after a wholly owned subsidiary

---

35   ECF 202, at 19 n.48.

was found to be in privity with its parent company where the companies established their relationship in order for the subsidiary to manufacture and market the allegedly infringing devices. 150 F.3d 1374, 1379 (Fed. Cir. 1998). In *California Expanded Metal Products Co. v. Klein*, the inventor defendant assigned his interest to the plaintiff in a previous settlement agreement before founding and taking sole ownership of the defendant company. No. C18-0659 JLR, 2018 WL 6249793 at *5 (W.D. Wash. Nov. 29, 2018). In *Hexcel Corp. v. Advanced Textiles, Inc.*, the district court did not discuss its privity analysis; however, the court stated it was undisputed that the inventor defendant participated in the formation of the defendant company after leaving his position with the plaintiff. 716 F. Supp. 974, 975 (W.D. Tex. 1989), *aff'd*, 960 F.2d 155 (Fed. Cir. 1992). These cases are distinguishable from the instant case as the relationships between the parties alleged to be in privity in those cases were significantly closer and did not present any significant factual dispute.

## VI.   CONCLUSION

The Court **GRANTS IN PART** Kimberly-Clark's motion [ECF 185] and holds that Cook is estopped from asserting Counterclaim Count IV and the Fifth Affirmative Defense against Kimberly-Clark. The Court **DENIES** the remainder of the motion to dismiss. The remaining Defendants may continue to press Amended

Counterclaim Count IV and assert the Fifth Affirmative Defense in the Amended Answer.

**SO ORDERED** this the 15th day of July 2020.

_____
Steven D. Grimberg
United States District Court Judge