IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

KIMBERLY-CLARK CORPORATION
and KIMBERLY-CLARK GLOBAL
SALES, LLC,

    *Plaintiffs*,

  v.

EXTRUSION GROUP, LLC;
EXTRUSION GROUP SERVICES LLC;
EG GLOBAL, LLC;
EG VENTURES, LLC;
MICHAEL HOUSTON; and
MICHAEL COOK,

    *Defendants*.

C.A. 1:18-cv-04754-SDG

**JURY TRIAL DEMANDED**

**JOINT MOTION FOR LEAVE TO
EXCEED PAGE LIMITATION FORCLAIM CONSTRUCTION BRIEFS**

Pursuant to Local Rule 7.1(D) and Section II(i) of the Court's Standing Order Regarding Civil Litigation, Plaintiffs Kimberly-Clark Corporation and Kimberly-Clark Global Sales, LLC, and Defendants Extrusion Group, LLC, Extrusion Group Services, LLC, EG Global, LLC, and EG Ventures, LLC (collectively, the "Parties") respectfully request leave to exceed the page limitations for the concurrently-filed opening and responsive claim construction briefs filed pursuant to Patent Local Rules 6.5(a) and 6.5(b).

On July 28, 2020, the Parties filed their Joint Claim Construction Statement pursuant to Patent Local Rule 6.3 [Dkt. No. 219]. In the Joint Claim Construction

Statement, the parties agreed, subject to the Court's approval, that the parties' respective opening claim construction briefs shall be limited in length to thirty-five (35) pages, and that the parties' respective responsive claim construction briefs shall be limited in length to twenty-five (25) pages. *Id*. at 5

The Parties believe that an enlargement of the page limitations to thirty-five (35) pages and twenty-five (25) pages for the respective opening and responsive claim construction briefs would allow the Parties to better develop their arguments and positions relating to the claim constructions of nine (9) disputed terms or phrases in the patent-in-suit. Further, it is common to insert drawings from the patents into the claim construction briefs to facilitate explanation of the Parties' positions, but such drawings take up considerable space within the briefs.

Large and complex cases often necessitate briefs that exceed the page limitations set forth in the Local Rules. *See In re ValuJet, Inc.*, 984 F.Supp. 1472, 1476 (N.D. Ga. 1997). When good cause is shown and the excess pages do not prejudice the opposing party, such requests may be granted. *See Goodrich v. Bank of America, NA*, No. 1:13-CV-00239-RGV, 2015 WL 11198935 at * 1 n.1 (N.D. Ga. May 20, 2015).

Given the number of claims to be construed, the level of detail necessary to set forth the arguments and differentiate between competing proposed constructions,

and the propensity to include figures and images from the patent, the Parties believe that there is good cause to expand the page limitations to thirty-five (35) pages and twenty-five (25) pages for the respective opening and responsive claim construction briefs.

For the foregoing reasons, the Parties respectfully request that the Court grant this Motion for Leave to Exceed Page Limitations and allow the Parties up to thirty-five (35) pages for their opening claim construction briefs submitted pursuant to Patent Local Rule 6.5(a), and up to twenty-five (25) pages for their responsive claim construction briefs submitted pursuant to Patent Local Rule 6.5(b).  A proposed Order is submitted herewith.

Dated: September 3, 2020                        Respectfully submitted,

**COUNSEL FOR PLAINTIFFS**              **COUNSEL FOR DEFENDANTS**

/s/  *Mark Reiter*                              /s/ *Jeffery Morgan*

James A. Lamberth                               Jeffery C. Morgan
(Ga. Bar No. 431851)                            (Ga. Bar No. 522667)
Puja Patel Lea                                  Christina M. Baugh
(Ga. Bar No. 320796)                            (Ga. Bar No. 241880)
TROUTMAN SANDERS LLP                            BARNES & THORNBURG LLP
600 Peachtree Street, NE Suite 3000             3475 Piedmont Road NE, Suite 1700
Atlanta, GA 30308                               Atlanta, GA 30309
404.885.3362                                    404.846.1693
james.lamberth@troutman.com                     jeff.morgan@btlaw.com
puja.lea@troutman.com                           christina.baugh@btlaw.com

| | |
|---|---|
| Mark Reiter (*pro hac vice*)<br>Philip J. Spear (*pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>2100 McKinney Avenue, Suite 1100<br>Dallas, TX 75201<br>214.698.3360<br>mreiter@gibsondunn.com<br>spear@gibsondunn.com<br><br>R. Scott Roe (*pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166<br>212.351.2618<br>sroe@gibsondunn.com<br><br>Stuart Rosenberg (*pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>1881 Page Mill Road<br>Palo Alto, CA 94304-1211<br>650.849.5389<br>srosenberg@gibsondunn.com<br><br>*Attorneys for Plaintiffs Kimberly-Clark Corporation and Kimberly-Clark Global Sales, LLC* | Mark C. Nelson (*pro hac vice*)<br>Juanita DeLoach (*pro hac vice*)<br>BARNES & THORNBURG LLP<br>2121 N. Pearl Street, Suite 700<br>Dallas, TX 75201<br>214.258.4200<br>mnelson@btlaw.com<br>juanita.deloach@btlaw.com<br><br>*Attorneys for Defendants Extrusion Group, LLC; Extrusion Group Services LLC; EG Global, LLC; EG Ventures, LLC; Micheal Houston; and Michael Cook* |

## CERTIFICATE OF SERVICE

I hereby certify on September 3, 2020, that I electronically filed the foregoing document with the Clerk of Court using CM/ECF system which will automatically send email notification of such filing to all counsel of record.

/s/ *Mark Reiter*
Mark Reiter

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify on September 3, 2020, that the foregoing complies with the font and point selection approved by this Court in Local Rule 5.1(B).  This paper was prepared on a computer using Times New Roman fourteen-point font, double spaced.

/s/ *Mark Reiter*
Mark Reiter