IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KIMBERLY-CLARK CORPORATION and
KIMBERLY-CLARK GLOBAL SALES, LLC,

    Plaintiffs,

              v.

EXTRUSION GROUP, LLC; EXTRUSION
GROUP SERVICES LLC; EG GLOBAL, LLC;
EG VENTURES, LLC; MIKE HOUSTON; and
MICHAEL COOK,

      Defendants.

Civil Action No.
1:18-cv-04754-SDG

## <u>OPINION AND ORDER</u>

This matter is before the Court on motions filed by Plaintiffs Kimberly-Clark

Corporation and Kimberly-Clark Global Sales, LLC (Kimberly-Clark) and by

Defendants Extrusion Group, LLC; Extrusion Group Services LLC; EG Global,

LLC; EG Ventures, LLC; Mike Houston; and Michael Cook (collectively,

Extrusion). The parties fully briefed the underlying motions,[1] and the Court held

a hearing on May 19, 2021. For the reasons stated herein, the Court **GRANTS IN**

**PART AND DENIES IN PART** Kimberly-Clark's motion for sanctions and to

---

[1] Briefing on Kimberly-Clark's motion for sanctions can be found at ECF 322, 329, and 334; on Extrusion's motion for sanctions at ECF 335, 348, and 359; on Extrusion's motion to amend at ECF 339, 352, 365; and on Kimberly-Clark's motion to disqualify at ECF 344, 355, and 368.

exclude [ECF 322]; **GRANTS IN PART AND DENIES IN PART** Extrusion's motion for sanctions [ECF 335]; **GRANTS** Defendants Houston and Cook's motion to amend [ECF 339]; and **GRANTS IN PART AND DENIES IN PART** Kimberly-Clark's motion to disqualify [ECF 344].

## I.   Kimberly-Clark's Motion for Sanctions

Kimberly-Clark filed suit on October 15, 2018, alleging, *inter alia*, patent infringement of its meltblowing die technology.[2] Kimberly-Clark amended the Complaint on November 20, 2019, to allege infringement of a different meltblowing die patent, U.S. Patent No. 6,972,104 (the '104 Patent). After nearly a year of discovery, the parties briefed claim construction of the '104 Patent and the Court held a *Markman* hearing on November 18, 2020.[3] Unbeknownst to Kimberly-Clark, Extrusion had redesigned its meltblowing die around the time Kimberly-Clark amended its Complaint in 2019, and subsequently sold the redesigned die to customers.[4] Despite being responsive to Kimberly-Clark's discovery requests, Extrusion waited to disclose the existence of the redesign until December 2020. Then, after Kimberly-Clark moved to compel production of the relevant

---

[2]   ECF 1.

[3]   ECF 255.

[4]   ECF 322-1, at 23.

documents, Extrusion turned over materials reflecting the actual design in February 2021.[5]

Kimberly-Clark now moves for sanctions based on this late disclosure, and requests that the Court (1) exclude the redesigned meltblowing die as evidence and preclude Extrusion from relying on the die for any reason; (2) inform the jury of Extrusion's discovery abuses; and (3) award fees and costs associated with its motion.[6] Extrusion argues that sanctions are unwarranted because it disclosed the existence of the redesigned die within the discovery period and because Kimberly-Clark is not prejudiced by the late disclosure. The Court agrees with Kimberly-Clark and holds that exclusion of the redesign is appropriate.

Under Federal Rule of Civil Procedure 37(c)(1), if a party fails to disclose or supplement discovery as required by Rule 26(a) or (e), the party is prohibited from using that information "on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." The Court may, "in addition or instead of" exclusion, order the payment of fees, inform the jury of the party's failure, or impose other appropriate sanctions. *Id.* Extrusion does not argue that the late disclosure was substantially justified, but instead contends that Kimberly-Clark

---

[5]   *Id.* at 12–13.

[6]   ECF 322, at 1–2.

was not harmed by it. "[A] discovery mistake is harmless if it is honest and is coupled with the other party having sufficient knowledge that the material has not been produced. Whether the opposing party suffered prejudice underlies the harmlessness determination." *Pitts v. HP Pelzer Auto. Sys., Inc.*, 331 F.R.D. 688, 692 (S.D. Ga. 2019) (internal citations omitted).

Kimberly-Clark argues that exclusion is automatic if a party improperly fails to disclose information, but the language of Rule 37 and Eleventh Circuit precedent allow greater flexibility. *Bearint ex rel. Bearint v. Dorell Juv. Grp., Inc.*, 389 F.3d 1339, 1348 (11th Cir. 2004) (noting that Rule 37(c) "gives district courts discretion to exclude untimely submissions"). The Court finds, nonetheless, that exclusion of information and materials concerning the redesigned die is justified because Extrusion's failure to disclose was prejudicial. First, the disclosures were not timely simply because Extrusion disclosed within the discovery period. "[Rule 26] prohibits parties who are aware of their deficient response from 'holding back material items and disclosing them at the last moment.'" *Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1282 (Fed. Cir. 2012) (quoting Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2049.1 (3d ed. 2011)). Extrusion waited over a year after the redesign of the allegedly infringing die to

disclose its existence, allowing substantial discovery to occur and the *Markman* hearing to take place.

Moreover, it is likely that discovery would have proceeded differently had Kimberly-Clark known about the redesign. In fact, in the same breath that it argues Kimberly-Clark has not suffered prejudice, Extrusion admits that "the redesigned [ ] die is bad for KC's case on the merits because it does not infringe."[7] At best, Extrusion wasted Kimberly-Clark and the Court's time by failing to promptly disclose critical evidence and, at worst, Extrusion purposefully withheld the redesign information to prevent Kimberly-Clark from building its strongest case.[8]

Though the Court does not favor presenting an incomplete set of facts to the jury, it finds that no other remedy sufficiently addresses Extrusion's failure to disclose. "Rule 37 is designed to be a strong incentive for parties to disclose information they will use as evidence at trial, at a hearing, or on a motion." *Go Med. Indus. Pty., Ltd. v. Inmed Corp.*, 300 F. Supp. 2d 1297, 1308 (N.D. Ga. 2003), *aff'd*

---

[7]   ECF 329, at 7. At the hearing, Kimberly-Clark disputed that the redesigned die does not infringe and informed the Court that, if evidence of the redesign is allowed into the case, it would need additional time to file infringement claims against the redesign.

[8]   The Court notes that it has no reason to believe that *counsel* for Extrusion are responsible for this discovery violation, nor that they intentionally misled Kimberly-Clark or this Court in any manner.

*sub nom.*, 471 F.3d 1264 (Fed. Cir. 2006). Extrusion's failure to disclose evidence that potentially supports its non-infringement position and misleading Kimberly-Clark as to the disputed issues is appropriately addressed by allowing the parties to proceed as they were, without evidence of the redesign. *Go Med. Indus. Pty.*, 300 F. Supp. 2d at 1308 (excluding late disclosed non-infringement evidence as sanction and granting summary judgment on infringement as a result); *Baltimore Aircoil Co., Inc. v. SPX Cooling Techs. Inc.*, No. CV CCB-13-2053, 2016 WL 4426681, at *19 (D. Md. Aug. 22, 2016), *aff'd*, 721 F. App'x 983 (Fed. Cir. 2018) (precluding reliance on design alternative in patent litigation because the late disclosure hampered plaintiff's investigation and further fact discovery would have been costly and delayed the litigation).

In light of this sanction, the Court finds that an additional sanction of a jury instruction or an award of attorneys' fees would be overly punitive. Further, given the exclusion of the redesign, any instruction regarding Extrusion's discovery abuses may confuse the jury. Accordingly, Kimberly-Clark's motion for sanctions is **GRANTED IN PART and DENIED IN PART**.

## II.    Extrusion's Motion for Sanctions

Extrusion also moves for sanctions, accusing Kimberly-Clark of spoliation of electronic evidence. Extrusion argues that Kimberly-Clark should have

reasonably anticipated litigation by 2010, and yet failed to implement a litigation hold to preserve electronic information until it filed its lawsuit in October 2018.[9] Extrusion contends that this information is crucial to its statute of limitations defenses. Kimberly-Clark concedes that it should have implemented a litigation hold by the Summer of 2018 when outside counsel became actively involved in the matter, but disputes that it had a duty to preserve evidence before then or that Extrusion is prejudiced by any destruction of the electronic information.[10]

"Spoliation is 'defined as the destruction of evidence or the significant and meaningful alteration of a document or instrument.'" *Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1184 (11th Cir. 2020). Federal Rule of Civil Procedure 37(e) specifically address the loss or spoliation of electronic evidence, and permits the Court, "upon finding prejudice to another party from loss of" electronic information, to "order measures no greater than necessary to cure the prejudice." If the Court finds that the electronic information was spoliated, or destroyed with the intent to deprive, it may (1) presume or instruct the jury that the information was unfavorable to the party or (2) dismiss the action or enter a default judgment.

---

[9]   ECF 335-1, at 17.

[10]   ECF 339.

Extrusion contends that Kimberly-Clark should have anticipated litigation as early as 2010 because that is when a representative for Kimberly-Clark attended a trade show and inspected a meltblowing die designed by Cook.[11] However, "[t]o be reasonably foreseeable, litigation must have been contemplated—mere awareness of potential liability is insufficient to trigger a duty to preserve evidence." *Kraft Reinsurance Ireland, Ltd. v. Pallets Acquisitions, LLC*, 845 F. Supp. 2d 1342, 1358 (N.D. Ga. 2011). As demonstrated by Kimberly-Clark at the hearing, merely inspecting the exterior of the meltblowing die and noting its dimensions, which differed from Kimberly-Clark's alleged trade secrets, is not enough to make litigation reasonably foreseeable. Likewise, the communications between Cook and Houston and Kimberly-Clark, and later between Extrusion and Kimberly-Clark, regarding Extrusion's general business endeavors *at most* show an awareness of potential liability.

The Court finds, however, that Kimberly-Clark should have reasonably anticipated litigation by May 2017, when representatives for Kimberly-Clark and Extrusion met, Kimberly-Clark first accused Extrusion of infringement, and Extrusion declined to disclose information regarding its meltblowing die.[12]

---

[11]   ECF 335-1, at 17.

[12]   ECF 348, at 16.

Kimberly-Clark further erred by failing to preserve evidence when it retained outside counsel and began preparing for litigation in June and July 2018. Even so, Extrusion made no showing that Kimberly-Clark's failure to preserve evidence between May 2017 and October 2018 (when it initiated this suit) was done in bad faith.[13] The Court is therefore limited to "order[ing] measures no greater than necessary to cure" any prejudice to Extrusion. Fed. R. Civ. P. 37(e)(1).

The prejudice of Kimberly-Clark's failure to preserve, as articulated by Extrusion, is that Extrusion lost important evidence in support of its statute of limitations defenses. The federal trade secrets claims have a three-year statute of limitations;[14] the Georgia trade secrets claims have a five-year statute of limitations;[15] and the breach of contract claims have a six-year statute of limitations.[16] Thus, if Extrusion had successfully shown that Kimberly-Clark should have reasonably anticipated litigation prior to October 2015, it would have a stronger prejudice argument. Given the Court's finding that Kimberly-Clark should have anticipated litigation no earlier than May 2017, much of the evidence

---

[13] Extrusion has indicated that it will seek additional sanctions if it discovers the destruction of the electronic evidence was done intentionally. ECF 335-1, at 16.

[14] 18 U.S.C.A. § 1836(d).

[15] O.C.G.A. § 10-1-766.

[16] O.C.G.A. § 9-3-24.

Extrusion deems critical could permissibly have been destroyed in any event. Accordingly, Extrusion was only prejudiced to the extent that any spoliated electronic information from May 2017 to October 2018 supported its statute of limitations defenses.

The remedy sought by Extrusion, to shift the burden of proof on the statute of limitations defense to Kimberly-Clark, is greater than necessary to cure this prejudice. Instead, Extrusion will be permitted to introduce into evidence, subject to the Court's review, email communications between Kimberly-Clark and any of the following: Extrusion, Cook, Houston, or Kurtis Brown, prior to October 2018. Kimberly-Clark may not object to such evidence on the basis of authenticity, although other objections are preserved. Prohibiting Kimberly-Clark from asserting authenticity objections prevents it from benefiting from the potential spoliation of email evidence by challenging whether the documents are what Extrusion says they are. Permitting individual defendants Houston and Cook to amend their answer to assert a statute of limitations defense to the breach of contract claims, as discussed below, is also a reasonable remedy. Accordingly, the Court **GRANTS IN PART and DENIES IN PART** Extrusion's motion for sanctions.

### III.     Michael Houston and Michael Cook's Motion to Amend

Individual Defendants Houston and Cook seek to amend their second affirmative defense, which asserts a statute of limitations defense to Kimberly-Clark's trade secrets claims, to add a statute of limitations defense to Kimberly-Clark's breach of contract claims.[17]   As noted, the Court finds that allowing Houston and Cook to amend their Answer is an appropriate remedy to Kimberly-Clark's failure to preserve electronic information between May 2017 and October 2018.

The Court also finds that good cause exists to allow an amendment to its scheduling order under Federal Rule of Civil Procedure 16. "[W]hen a party seeks to file a motion to amend after a scheduling order deadline, Rule 16 is the appropriate guide to determine whether the delay may be excused." *Glock, Inc. v. Wuster*, 167 F. Supp. 3d 1343, 1344 (N.D. Ga. 2016). The parties agree that the time to amend as set in the scheduling order has passed, but dispute whether Cook and Houston were diligent. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (noting that the good cause standard "precludes modification unless the

---

[17]   ECF 339-1.

schedule cannot 'be met despite the diligence of the party seeking the extension'")

(citing Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment).

The Court does not fault Houston and Cook for their timing. They sought amendment simultaneously with Extrusion's request for sanctions related to Kimberly-Clark's failure to preserve evidence. If Kimberly-Clark had notice of the facts underlying its claims before 2012, its breach of contract claims against Houston and Cook would be time barred. The Court order allowing emails to be admitted for proof of this notice strengthens Houston and Cook's defense, as would the additional relief requested by Extrusion, and is good cause for amendment. Further, this simple amendment to Houston and Cook's answer will not prejudice Kimberly-Clark, which undoubtedly has been preparing for the other statutes of limitations defenses. Amendment is justified under Federal Rules of Civil Procedure 16 and 15(a) and Houston and Cook's motion is **GRANTED**.

### IV. Kimberly-Clark's Motion to Disqualify Foley & Lardner, LLP and to Exclude the Opinion Letters and Testimony of Robert J. Ward

Kimberly-Clark moves to disqualify Foley & Larder, LLP (Foley) from this case because, despite Foley's long standing relationship with Kimberly-Clark, an attorney now associated with Foley, Robert J. Ward, authored two non-infringement letters for Extrusion and is expected to serve as a witness at trial.

Kimberly-Clark's motion to disqualify requests that the Court exclude Ward's opinions and testimony.

Whether there is a conflict of interest here turns on the validity and scope of a waiver agreed to by Kimberly-Clark. In March 2018, Extrusion hired Ward, an attorney then associated with the law firm of Gardere Wynne Sewell LLP (Gardere), to provide a Freedom-to-Operate opinion (FTO) related to Extrusion's embodiment of a system that produced nonwoven sheets, which included a type of meltblown die.[18] Around the same time, Gardere and Foley were negotiating a merger.[19] In anticipation of the merger, Foley reached out to its long standing client, Kimberly-Clark, to request a waiver of a potential conflict of interest with one of Gardere's clients.[20]

As relevant here, the waiver did not identify Extrusion but informed Kimberly-Clark that Gardere was providing patent opinions for one of its clients "involved with the manufacture of machinery to produce industrial fabrics and nonwoven sheets," that there was "no anticipated patent litigation or dispute against Kimberly Clark related to the opinions," and requested that Kimberly-

---

[18]   ECF 344-1, at 8.

[19]   *Id.* at 7–8.

[20]   ECF 344-5.

Clark waive any conflict of interest related to these patent opinions.[21] The waiver stated that, going forward, Foley would "not provide this client with patent opinions on any Kimberly Clark patent previously prosecuted by Foley, and will not handle any litigation or other dispute adverse to Kimberly Clark in connection with these opinions." Kimberly-Clark agreed to the waiver, but further restricted the new firm from "handl[ing], [ ]or provid[ing] any assistance in, litigation or other disputes that are adverse to [Kimberly-Clark]."[22]

Shortly following the merger, Ward, now associated with Foley, drafted the FTO. Then, after Kimberly-Clark filed suit against Extrusion and after Kimberly-Clark indicated to Extrusion that it planned to assert its rights in the '104 Patent, Ward drafted a non-infringement opinion specifically directed at that patent.[23] Extrusion intends to rely on Ward's opinions and his testimony in support of its non-infringement position.

Under the Georgia Rules of Professional Conduct, adopted by the Court's Local Rules, LR 83.1(C), NDGa, a lawyer is prohibited from simultaneously representing two clients whose interests are materially adverse unless both clients

---

[21]   *Id.* at 2.

[22]   *Id.*

[23]   ECF 344-1, at 8–9.

give informed consent. Ga. R. Prof. Conduct 1.7(a). Informed consent can only be given following full disclosure. *Worldspan, L.P. v. Sabre Grp. Holdings, Inc.*, 5 F. Supp. 2d 1356, 1357 (N.D. Ga. 1998). Though there is no standard level of specificity required for a client to give informed consent, the Georgia Supreme Court has noted that "the written notice or written consent must be clear enough to evidence to an objective third party that the client has consented to the legal representation despite the disclosure of a conflict of interest." *In re Oellerich*, 278 Ga. 22, 24 (2004). General ambiguous references to clients who "may have" adverse interests are insufficient. *Worldspan, L.P.*, 5 F. Supp. 2d at 1359.

The consent given to Foley by Kimberly-Clark was informed and based on full disclosure. The communication from Foley stated the type of work within the scope of the waiver, non-infringement and validity opinions unrelated to any anticipated patent litigation, and described the specific industry in which the opinions would be given -- the manufacturing of machinery to produce industrial fabrics and nonwoven sheets. This disclosure is full and clear, and the omission of Extrusion's name from the communication does not preclude a finding that Kimberly-Clark gave informed consent to Foley.

Importantly, however, Kimberly-Clark only consented to Foley's representation of clients with adverse interests so long as it did not "handle[ ], nor

provide[ ] any assistance in, litigation or other disputes that are adverse to K-C."[24] Therefore, based on the language of the waiver, Kimberly-Clark consented to Foley writing non-infringement and validity opinions but did not consent to Foley assisting in disputes adverse to Kimberly-Clark.

The first opinion Kimberly-Clark seeks to exclude, the FTO, falls within the waiver. The FTO was drafted before Kimberly-Clark initiated litigation, is a general survey of patent references that is nearly 500 pages long, and contains a single, brief reference to the '104 patent as it relates to a meltblown design that is not even at issue in this litigation. It cannot fairly be said that patent litigation specifically related to the FTO was anticipated or that Ward was providing assistance in a dispute adverse to Kimberly-Clark at the time he drafted the FTO. The Court, therefore, **DENIES** Kimberly-Clark's motion to disqualify and exclude the FTO opinion.

Any testimony offered by Ward in support of the FTO, or any cross-examination of Ward in this regard, is a separate matter. Such testimony may very well create a conflict, and one that does not fall within the scope of the waiver. Whether Ward will be allowed to testify at trial concerning the FTO opinion, and

---

[24]   ECF 344-5, at 2.

if so, whether any potential subject matter of his direct or cross-examination should be excluded or narrowed, is overly speculative and involves too many variables for the Court to adequately address at this stage of the litigation. The Court therefore **DENIES WITHOUT PREJUDICE** Kimberly-Clark's motion to exclude Ward's testimony related to the FTO. The parties may raise this issue again with the Court through a motion in limine in advance of trial.

With regard to the '104 Patent non-infringement opinion letter authored by Ward on November 12, 2019, the resolution is much clearer – neither the letter nor any testimony concerning it may stand. Although the letter classifies itself as an "update" to Ward's earlier non-infringement analysis, it takes the additional step of directly applying Kimberly-Clark's '104 Patent to Extrusion's meltblown die. The letter was drafted after Kimberly-Clark initiated the instant litigation and after Kimberly-Clark advised Extrusion it intended to assert infringement of the '104 Patent. This letter was undoubtedly written with the aim of assisting Extrusion in its ongoing litigation against Kimberly-Clark and therefore falls outside the scope of the waiver. Accordingly, the Court finds that an un-waived conflict of interest exists as to Ward's '104 Patent non-infringement opinion.

Because Foley has not filed an appearance in this case "there is no one to disqualify." *Andrew Corp. v. Beverly Mfg. Co.*, 415 F. Supp. 2d 919, 926 (N.D. Ill.

2006). Still, the Court finds the disqualification analysis helpful. "In determining whether disqualification is appropriate, the court may consider: (1) whether the conflict might affect the pending litigation; (2) at what stage of litigation the disqualification issue was raised; (3) whether other counsel can handle the matter; (4) the appearance of impropriety; (5) and the costs of disqualification." *Snapping Shoals Elec. Membership Corp. v. RLI Ins. Corp.*, No. 1:05 CV 1714-GET, 2006 WL 1877078, at *4 (N.D. Ga. July 5, 2006). Here, the negative effect of the conflict on the pending litigation and the appearance of impropriety outweigh the cost of exclusion. The Court finds it significant that Ward stated a legal opinion explicitly adverse to his own firm's client, Kimberly-Clark, and did so to assist a party adverse to that client in an active lawsuit. Thus, the Court finds that exclusion of the letter and related testimony is the proper remedy. *See Andrew Corp.*, 415 F. Supp. 2d at 926 (excluding patent opinion letters drafted by conflicted counsel because they stated opinions in favor of one client and against another and counsel failed to obtain a waiver). Kimberly-Clark's motion to disqualify and exclude the '104 Opinion and testimony related thereto is **GRANTED**.

## V. Conclusion

The Court **GRANTS IN PART and DENIES IN PART** Kimberly-Clark's motion for sanctions and to exclude [ECF 322]; **GRANTS IN PART and DENIES**

**IN PART** Extrusion's motion for sanctions [ECF 335]; **GRANTS** Defendants Houston and Cook's motion to amend [ECF 339]; and **GRANTS IN PART and DENIES IN PART** Kimberly-Clark's motion to disqualify [ECF 344]. Defendants Houston and Cook shall file an Amended Answer in conformity with their motion to amend within 14 days of entry of this Order.

   **SO ORDERED** this the 3rd day of June 2021.

Steven D. Grimberg
United States District Court Judge
